Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4853 | **DATE** | 11/9/2004 |
| **CASE TITLE** | United States of America vs. Hermilyn Strong | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Hermilyn Strong's Petition to Vacate, Set Aside or Correct Sentence is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **NOV 1 2 2004** date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 15 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |


DOCKETED
NOV 1 2 2004
FILED
NOV 9 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HERMILYN STRONG,

    Defendant.

Case No. 03 C 4853

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is the Petitioner Hermilyn Strong's ("Strong") Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 the "Petition"). For the reasons stated below, the Petition is denied.

### I. INTRODUCTION

The background facts of Strong's crime have been described elsewhere and will not be repeated here. See United States v. Strong, 2002 WL 1752232 (7th Cir. 2002)(unpublished order, not cited for controlling law). In August 1999, Strong was indicted on nineteen counts of various bank, HUD, and bankruptcy fraud charges. Three days into her trial in January 2000, Strong pled guilty to various counts of fraud. In October 2001, Strong was sentenced to concurrent terms of imprisonment ranging up to 60 months in custody and a three-year term of supervised release.

In July 2003, Strong filed the present Petition. Although the Petition is not a model of clarity, Strong appears to allege that

her trial counsel was constitutionally-ineffective for the following reasons:

1) Failure to conduct sufficient pre-trial investigation and discovery;

2) Failure to investigate the circumstances of her statute of limitations waiver;

3) Failure to develop a conducive attorney-client relationship; and

4) Failure to share the Government's loss list with Strong.

## II. **DISCUSSION**

### A. **Standards for Habeas Corpus**

28 U.S.C. § 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." To receive relief under 28 U.S.C. § 2255, Strong must show a "fundamental defect which inherently results in a complete miscarriage of justice," United States v. Addonizio, 442 U.S. 178, 185 (1979), or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962).

Here, Strong alleges ineffective assistance of counsel. As an initial matter, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance." Strickland v. Washington, 466 U.S. 687, 689 (1984). The Court will find ineffective assistance of counsel only when a petitioner establishes both elements of the Strickland two-prong test. The Petitioner must show that (1) her counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed to the defendant by the Sixth Amendment, and (2) this deficient performance prejudiced her defense such that it deprived her of a fair trial with a reliable result.

**B. Strong's Attorney Was Not Constitutionally Deficient**

1. Failure to Investigate

Strong first claims that her attorney was ineffective because he should have consulted more extensively with Strong "to seek discovery to investigate crime charged, or to interview witnesses . . ." (Pet. at 4 (Ground One)). As an initial matter, the Petition is virtually devoid of supporting facts: Strong provides no supporting memorandum to flush out her allegations, and her Petition consists entirely of conclusory statements without sufficient factual support. This is fatal to Strong's claim because to prevail she must provide sufficient detailed facts, namely, what exculpatory information the investigation would have revealed. See Haradamom v. United States, 319 F.3d 943, 951 (7th Cir. 2003).

Here, Strong specifies only that her attorney apparently failed to conduct a title search or interview sufficient witnesses. In response, the Government attaches an affidavit from Strong's former attorney, in which he attests that Strong never asked for a title search, and, moreover, that such a search could not have reasonably been expected to rebut the Government's loss figures. (Gov. Mem. at 11, Ex. A.) In this affidavit, Strong's former attorney also attests that although he did interview certain witnesses, he was impeded by Strong in interviewing other witnesses. See id. Strong did not file a reply - despite being granted a significant extension of time - and therefore these facts are without rebuttal. In any event, Strong carries the burden of showing how the absence of a title search or additional witness interviews prejudiced her defense (or otherwise altered her plea agreement). She has not done this.

2. Statute of Limitations Waiver

Strong also claims that her trial counsel failed to investigate why a previous attorney "allowed" Strong to sign a statute of limitations waiver. As an initial matter, Strong's trial counsel did not represent Strong for purposes at the time she executed the waiver. Furthermore, Strong does not show - as she must - that there is any basis to challenge the validity of the waiver nor how the purported failure to "investigate" was prejudicial.

### 3. Failure to Develop a Conducive Attorney-Client Relationship

Strong also accuses her attorney of failing to develop a productive attorney-client relationship with her. Specifically, Strong alleges that her attorney "talked down" to her, "harassed" her, called her a "liar," and refused to help her "through the law." (Pet. at 5). Strong also complains that certain unspecified motions were filed without her review (or, apparently, consent). See id. In his affidavit, Strong's attorney admits that he called her a "liar" in a private attorney-client meeting, precisely because he believed at that moment Strong was not being truthful. (Gov. Resp., Ex A. (Diamond Aff.)). This, of course, does not amount to ineffective assistance of counsel. There is nothing in the record to indicate that Strong's former attorney, an experienced and well-regarded attorney, allowed any personal ill-feelings to affect his representation in a constitutionally-ineffective manner.

### 4. Failure to Share Government Loss List and Other Allegations.

Finally, Strong alleges that her former attorney failed to share the list of the government's loss until the day of sentencing, and that Strong filed certain routine pre-trial discovery motions without her review. Again, the Court need not devote much time to these arguments because Strong provides

absolutely no factual support indicating the requisite prejudice to state a claim here.

### III. CONCLUSION

For the reasons stated herein, Strong's Petition to Vacate, Set Aside or Correct Sentence is **DENIED**.

**IT IS SO ORDERED.**

/s/ Harry D. Leinenweber
Harry D. Leinenweber, Judge
United States District Court

Dated: November 9, 2004